**Robert M. KNUTH, on behalf of himself and on behalf of all other members of the class who are similarly situated, Plaintiffs,**

v.

**ERIE–CRAWFORD DAIRY COOPERA-TIVE ASSOCIATION et al., Defendants.**

Civ. A. No. 65–1328.

United States District Court, W. D. Pennsylvania.

March 19, 1973.

Paul Simmons, Monongahela, Pa., for plaintiffs.

W. Walter Braham, Jr., Frank L. Seamans, Clyde W. Armstrong, Henry E. Rea, Jr., Pittsburgh, Pa., Errol Fullerton, New Castle, Pa., for defendants.

## MEMORANDUM

WEIS, District Judge.

Some litigation, like old soldiers, seems to have the ability to defy the laws of mortality.

The latest chapter in this case is presented by the Motion for New Trial filed by the plaintiffs in accordance with the suggestion of the Court of Appeals in its opinion at 463 F.2d 470 (3rd Cir. 1972), cert. denied, 410 U.S. 913, 93 S.Ct. 966, 35 L.Ed.2d 278 (1973). In discussing the plaintiffs' conversion claim, that Court held that the facts presented a case of conversion of milk, not of money. Indicating that ordinarily a reversal (a grant of judgment n. o. v.) would be ordered because of the plaintiffs' failure to prove any damage, the opinion stated that such a ruling would not be made because this was a class action.

The Court went on to say, "By adopting and pursuing an erroneous view of the law of conversion, the plaintiff, a class representative, neglected to make any attempt to prove that the prices obtained by the Cooperative from the several handlers was less than the price available in the market place . . . But in view of the fact that some 290 class members were relying on the plaintiff's representation we reluctantly conclude that a new trial may be more appropriate than a reversal."

Later in the opinion of the majority, the Court said, "It is not at all clear that on the pleadings before the district court the case could have been submitted to the jury on the theory that milk rather than money had been converted. If that theory is a complete departure from the case pleaded through the pretrial conference, a new statute of limitations problem may be presented. Moreover the plaintiff may not be in a position to make an offer of proof on the issue of damage or loss from the illegal milk sales. These matters should, we think, be explored by the district court on a motion for a new trial."

Argument has now been had and the matter has been briefed by all parties. At oral argument, counsel for the plaintiff candidly stated that the testimony at a new trial would be identical with that previously presented. Plaintiffs claim that the market value of milk is

the price set by the Milk Control Commission and that this would be their position if a new trial were granted.

The question of whether milk or money had been converted was not briefed by the parties on appeal to the Court of Appeals but was raised by the Court *sua sponte* at argument. Consequently, the appendix and the briefs did not disclose the extensive pretrial proceedings in this case. Furthermore, the circuit judges were not informed of the numerous discussions on the law, many of which were unreported, between the court and all counsel, which occurred during the lengthy course of this litigation.

Thus, the Court of Appeals did not know that the question of whether milk or money was the subject of conversion had been discussed on a number of occasions, had been researched and argued by the parties in this court, and that a reasoned, strategically defensible decision had been made by the plaintiff class representative at pretrial to proceed on the theory of conversion of money. The plaintiff's thesis was based upon what the trial court considered to be the leading case in Pennsylvania on the subject, Pearl Assurance Co. v. National Insurance Agency, Inc., 150 Pa. Super. 265, 28 A.2d 334 (1942), reargued 151 Pa.Super. 146, 30 A.2d 333 (1943), and cited by the Supreme Court of Pennsylvania in McDonald v. First National Bank of McKeesport, 353 Pa. 29, 32, footnote 1, 44 A.2d 265, 266, footnote 1 (1945).

Moreover, testimony at the trial by members of the class who appeared as witnesses and complained vehemently about rebates was consistent with the action of the class representative. The history of the litigation and the class members' dissatisfaction with the dealings between the Cooperative and the dairies is centered on the objections to the rebates which formed part of the transactions.

Thus, we have a situation where a party, being aware of several theories of law which may be applicable to the claim, makes an election at a pretrial conference and, in discussion of the law throughout the trial persists in that approach, only to find that an appellate court disagrees with the applicability of the legal principle. This then is no different than many, many, other cases where a similar fate has befallen a litigant.

We perceive no overriding considerations which should allow a class action to proceed in a different fashion in total disregard of the pretrial undertakings so as to allow a class a new trial on a theory which was effectively waived by the proceedings before trial. Indeed, it would appear that commitments at a pretrial conference should be even more binding in class actions because of the difficulty of manageability and the necessity for narrowing of issues in order to clearly present the issues to a jury as well as to avoid lengthy and expensive retrials.

The interests of the defendants must be considered as well as those of the members of the plaintiff class. The records of this case will reflect the diligent efforts of the defense to have the class clarify its position and specify the grounds on which the representative intended to proceed. Indeed, the first appeal of this case, 395 F.2d 420 (3rd Cir. 1968), pointed out the problems fostered by the generalities in the plaintiff's Complaint.

To now require the defendants to undergo another lengthy trial which would produce the same evidence against them, but with slightly different emphasis to conform to a legal thesis only technically distinguishable from that of the first contest, appears neither fair nor just in the circumstances here present. Furthermore, the failure of the plaintiff to make an offer of proof on the issue of damages, but rather to rely upon the record of the previous trial, fails in our opinion to meet the prerequisites suggested by the majority opinion. In fact,

it corroborates the statement made there:

> "From the evidence presented in the defendants' case and from some concessions made by plaintiff's witnesses, it seems unlikely that such proof is available."

Plaintiff's motion for a new trial, therefore, will be denied and judgment will be entered in favor of the defendants.